IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOTTS MARSH, LLC, an Oregon limited
liability company,

No. 3:22-cv-00115-AR

              Plaintiff,

ORDER

    v.

CITY OF WHEELER,

              Defendant.

HERNÁNDEZ, District Judge:

      Magistrate Judge Armistead issued a Findings and Recommendation on March 9, 2023,

in which he recommends that this Court grant Defendant's Motion to Dismiss for Lack of

Subject Matter Jurisdiction. F&R, ECF 98. The matter is now before the Court pursuant to 28

U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 101. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

After considering Plaintiff's objections and reviewing the pertinent portions of the record *de novo*, the Court adopts the Findings and Recommendation in part and declines to adopt them in part. Judge Armistead correctly concluded that Plaintiff's federal takings claim is not ripe because Plaintiff failed to seek a variance. F&R 18-21. The law continues to require a plaintiff in a federal takings claim to seek a variance before filing suit where a variance may be available, and Plaintiff has failed to show that a variance was unavailable to it here.[1] Plaintiff also argues that seeking a variance would be futile. Pl. Obj. 25-27. Plaintiff did not make this argument in responding to Defendant's Motion to Dismiss. Pl. Resp. Mot. to Dismiss, ECF 23; Pl. Supp. Resp., ECF 36. The Court declines to exercise its discretion to address this fact-intensive argument, which Plaintiff could have raised before Judge Armistead. *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002). The Court adopts Judge Armistead's recommendation to dismiss Plaintiff's federal takings claim without prejudice because Plaintiff failed to seek a variance.

Judge Armistead recommends dismissing Plaintiff's federal due process and equal protection claims because they are not ripe. F&R 21. As pled, Plaintiff's equal protection claim is an as-applied challenge to the alleged regulatory taking, and therefore it is not ripe for the

---

[1] The Court declines to consider the Anderson Declaration, ECF 103. Defendant correctly states that a witness may not testify about how the law should be interpreted. Def. Resp. 1, ECF 104 (citing, among others, *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997)).

same reasons that Plaintiff's federal takings claim is not ripe. *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 507 (9th Cir. 1990). The Court adopts Judge Armistead's recommendation to dismiss Plaintiff's equal protection claim without prejudice.

However, Plaintiff's procedural due process claim is not an as-applied challenge to the alleged regulatory taking, and the Court concludes that it is ripe. Plaintiff challenges alleged procedural errors during the decisionmaking process on Plaintiff's development applications. Compl. ¶¶ 52-56. This injury is "separate from any purported taking" and "independent of whether or not" there is a final decision on Plaintiff's applications. *Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 830-31 (9th Cir. 2003) (holding that the plaintiff's procedural due process claim was ripe whether or not there was a final decision on his development applications where he alleged that "the County's decisions regarding his applications had either been delegated to non-governmental entities or had been made by biased and unfair decisionmakers motivated to retaliate against him"). Plaintiff's procedural due process claim will not be dismissed.[2] Accordingly, Plaintiff's state-law claims will not be dismissed for lack of supplemental jurisdiction, and pending motions will not be denied as moot.

Plaintiff also seeks leave to amend the Complaint. Pl. Obj. 29. Once the period for amending pleadings as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v.*

---

[2] The Court will not address Defendant's arguments on the merits of Plaintiff's due process claim, as Defendant only moved to dismiss on ripeness grounds.

*Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation omitted). Amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Court concludes that Plaintiff should be granted leave to amend its three federal claims consistent with the legal principles discussed in this Order.

## CONCLUSION

The Court adopts in part and declines to adopt in part Magistrate Judge Armistead's Findings and Recommendation [98]. Therefore, Defendant's Motion to Dismiss [19] is GRANTED IN PART AND DENIED IN PART. Plaintiff has leave to amend the Complaint within 14 days of the date of entry of this Order.

IT IS SO ORDERED.


DATED: ___May 24, 2023_____.


MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER